GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Arthur Fernandez, Jr.,<br>Defendant. | CR21-0795-TUC-RM (EJM)<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files its Sentencing Memorandum for defendant Arthur Fernandez, Jr., in the above-referenced case. Sentencing is currently set for November 16, 2022.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS AND PROCEDURAL HISTORY

On December 13, 2019, the defendant, Arthur Fernandez, Jr. (hereinafter "the defendant"), purchased a total of seven firearms – two AMT model Back Up .380 caliber pistols, one Cobra Enterprises model CA-380 .380 caliber pistol, one Taurus model 856 .38 caliber revolver, one Girsan model MC1911 .45 caliber pistol, one HWM/EAA model EA/R .38 caliber revolver, and one Taurus model 605 .357 caliber revolver – from Second Amendment Sports, Inc., a Federal Firearms Licensee (FFL) licensed under the provisions of Chapter 44, Title 18, United States Code, in Tucson, Arizona. On the ATF Form 4473–Firearms Transaction Record completed by the defendant when acquiring the firearms, the

defendant stated that his current residence was 7846 E. Monte Tesoro Dr., Kingman, AZ 86401.

Prior to this transaction, on December 2, 2019, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) responded to the 7846 E. Monte Tesoro address the defendant had provided on the aforementioned Form 4473, and observed that the house was vacant and listed for sale. The ATF Special Agent spoke with a neighbor who indicated that the last resident was a white male who moved to another address in Kingman approximately a month and a half prior, and that the previous residents were a Hispanic family from Hemet, California, who moved out approximately a year and a half ago. When interviewed by ATF Special Agents on December 13, 2019, the defendant admitted that he no longer was a resident of Arizona and was currently living in Texas for his job. The defendant also stated that his permanent residence is in Hemet, California. ATF Special Agents discovered that the defendant had a California drivers license, and observed a vehicle registered to the defendant at a residence in Hemet, California.

On April 21, 2021, an Indictment was filed charging the defendant with Making a False Statement in the Records of a Federally Licensed Firearms Dealer. On June 9, 2022, the defendant pleaded guilty to the Indictment without a plea agreement. Sentencing is set for November 16, 2022.

## II. APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the advisory sentencing guideline calculations contained in the Final Presentence Report. (Doc. 57.) The defendant's base offense level is 12 pursuant to U.S.S.G. §2K2.1(a)(7), six levels are added pursuant to §2K2.1(b)(1)(C) because the offense involved at least 25 firearms, and two levels are added pursuant to §3C1.1 for obstruction of justice. After a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b), the final offense level is 20. Together with

the defendant's Criminal History Category of I, the advisory sentencing guideline range is 33 to 41 months imprisonment.

## III. GOVERNMENT'S SENTENCING RECOMMENDATION

The Presentence Report recommends a sentence of 41 months imprisonment followed by three years supervised release, and the government agrees with this recommendation. While this sentence represents the high end of the advisory guideline range, the government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant, and is no greater than necessary in this case.

The defendant's offense is very serious, involving the unlawful purchase and trafficking of at least thirty firearms. Each of these firearms is a deadly weapon capable of causing limitless harm to others and to the safety of the public. It is particularly noteworthy that the only firearm purchased by the defendant and subsequently recovered was involved in a California gang crime. Not only is this troubling because it indicates the defendant was providing firearms to dangerous and violent criminals, but it is concerning that the other twenty-nine firearms purchased by the defendant are still at large, where they can cause (and likely already have caused) significant harm.

The defendant was extremely misleading to law enforcement during the investigation of his criminal activity. As the Presentence Report notes, the fact the defendant agreed on multiple occasions to surrender to law enforcement the firearms he unlawfully acquired and possessed, he never followed through on these agreements and did not turn over a single firearm. The fact that the defendant was elusive with law enforcement as to the total number of firearms he unlawfully acquired further suggests that the true extent of his criminal activity exceeds that discovered in this investigation.

Furthermore, the defendant's criminal activity took place over the course of several months. The defendant thus had ample opportunity to reflect on the severity of his crime, the consequences of his actions, and the negative impact of his firearms trafficking on the

safety of the community. However, despite this opportunity the defendant continued to commit this unlawful activity involving deadly weapons, showing a disregard for the law as well as for the lives of others.

The defendant performed very poorly while on release to Pretrial Services supervision in this case, demonstrating he does not take this matter seriously and is a danger to reoffend and violate court orders in the future. While his Criminal History Category is I, he has two uncounted misdemeanor convictions, serious pending charges of battery and assault with a deadly weapon likely to produce great bodily injury, and two additional arrests. The government submits that the sentencing guidelines thus underrepresent the totality of the defendant's criminal history.

Given the severity of the defendant's crime and the relevant facts and circumstances, the defendant's danger to reoffend and lack of respect for the law and court orders, the impact of the defendant's offense on the safety of the public, and the need to provide just punishment, the government submits that a sentence of 41 months imprisonment, the bottom of the guideline range, is appropriate and necessary to meet the goals of sentencing in this case.

**IV. CONCLUSION**

For the reasons discussed, the government respectfully requests that this Court sentence the defendant to 41 months imprisonment. The government submits that this sentence is appropriate and no greater than necessary based on the facts and circumstances of the offense and the individual history and characteristics of the defendant.

Respectfully submitted this 7th day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Angela W. Woolridge*
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 7th day of November, 2022, to:

J. Leonardo Costales, AFPD
Attorney for Defendant Arthur Fernandez, Jr.